IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Michael Scott Crisp, | Crim. No. 4:05-cr-01124-TLW-2 |
| PETITIONER | C/A No. 4:16-cv-00678-TLW |
| v. | |
| United States of America, | Order |
| RESPONDENT | |

Petitioner Michael Scott Crisp pled guilty to using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 4). His § 924(c) conviction was related to a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1). The Court sentenced him as a career offender to 204 months incarceration. ECF No. 103.

In February 2016, Petitioner filed a *pro se* § 2255 petition, then a supplemental petition. ECF Nos. 142, 149. His petition was not entirely clear, but the Court construed it to be alleging that he should be resentenced without the application of the career offender enhancement in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In light of the Court's standing order appointing the Federal Public Defender to represent defendants who may be entitled to relief under *Johnson*, the Court appointed the Federal Public Defender to represent him. ECF No. 155. However, no one from the Federal Public Defender's office noticed an appearance on Petitioner's behalf.

After the Supreme Court issued its decision in *Beckles v. United States*, 137 S.

Ct. 886 (2017), the Court denied the petition. ECF No. 158.

After the Court denied the petition, the oversight was realized and an assistant federal public defender noticed his appearance. ECF No. 161. Petitioner, through counsel, filed a consent Rule 60(b)(6) motion, along with an accompanying memorandum of law, seeking to vacate the order denying his petition and clarify his petition to also raise the issue of whether Hobbs Act robbery is not a valid § 924(c) predicate. ECF Nos. 162, 163. In the motion, counsel says that "due to the sheer volume of *Johnson* petitions pending, [counsel] did not realize that a notice of appearance had not been filed," and that "counsel did not receive notice of the dismissal." ECF No. 162 at 1. For the reasons set forth in the motion and without objection from the Government, the Court concludes that it would be appropriate to vacate the prior order denying his § 2255 petition and consider it anew. Accordingly, Petitioner's motion to vacate, ECF No. 162, is **GRANTED**. The Court's prior order denying his petition and the corresponding judgment, ECF Nos. 158, 159, are **VACATED**.

Having waded through the procedural morass, the Court now turns to the merits of the petition. Considering Petitioner's original *pro se* filings together with the assistant federal public defender's later filings, he makes two arguments: (1) that he is no longer a career offender; and (2) that Hobbs Act robbery is not a valid § 924(c) predicate conviction.

As to Petitioner's career offender argument, the Supreme Court has now foreclosed that argument, having held that "the advisory Sentencing Guidelines are

not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 895 (2017); *see also United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (concluding that an erroneous application of the Sentencing Guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255).

As to the Hobbs Act robbery argument, Petitioner makes two arguments why it is not a § 924(c) predicate crime of violence: (1) that Hobbs Act robbery does not qualify categorically under § 924(c)'s force clause in light of *Descamps v. United States*, 570 U.S. 254 (2013) and related cases; and (2) that § 924(c)'s residual clause is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Petitioner's argument as to the force clause is not persuasive. Every circuit court that has addressed the issue has concluded that substantive Hobbs Act robbery is a valid § 924(c) predicate under the force clause. *See United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–65 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016); *In re Saint Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016). There is no basis to conclude that the Fourth Circuit would rule

3

contrary to its sister circuits.[1]

The analysis in the above cases applies here and is persuasive. Accordingly, the Court embraces that authority and concludes that Hobbs Act robbery qualifies as a § 924(c) predicate under the force clause.[2] *See also Stokeling v. United States*, 139 S. Ct. 544, 551, 554 (2019) (concluding that a robbery conviction is a violent felony under the ACCA's force clause as long as the conviction categorically required force sufficient to overcome a victim's resistance, however slight the resistance); *United States v. Evans*, 848 F.3d 242, 247–48 (4th Cir. 2017) (concluding that carjacking under 18 U.S.C. § 2119 is a crime of violence under § 924(c)(3)(A)); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (concluding that bank robbery under 18 U.S.C. § 2113(a) is a crime of violence under § 924(c)(3)(A)).

Because the Guidelines are not subject to a vagueness challenge and because Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A), Petitioner's petition for relief pursuant to § 2255, ECF No. 142, is **DENIED**. This action is hereby **DISMISSED**.[3]

---

[1] The Court notes that this issue is currently before the Fourth Circuit in at least three cases: *United States v. Allen*, No. 4:02-cr-00750-TLW-2 (D.S.C. Feb. 5, 2019) (order denying § 2255 petition), *appeal docketed*, No. 19-6305 (4th Cir. Mar. 4, 2019); *United States v. Gleaton*, No. 3:18-cr-00006-TLW-1 (D.S.C. Mar. 26, 2018) (order denying motion to dismiss), *appeal docketed*, No. 18-4558 (4th Cir. Aug. 8, 2018); *United States v. Wilson*, No. 3:17-cr-00138-TLW-1 (D.S.C. Sept. 22, 2017) (order denying motion to dismiss), *appeal docketed*, No. 18-4159 (4th Cir. Mar. 15, 2018).

[2] As to § 924(c)'s residual clause, the Fourth Circuit recently concluded that it is unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 232 (4th Cir. 2019) (en banc). However, *Simms* has no impact on this case because that decision only involved the residual clause, not the force clause.

[3] A response from the Government is not required because "the motion and the files

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

                                                 *s/ Terry L. Wooten*
                                                 Terry L. Wooten
                                                 Senior United States District Judge

April 17, 2019
Columbia, South Carolina

---

and records of the case conclusively show that [Petitioner] is entitled to no relief . . . ." 28 U.S.C. § 2255(b).